[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-13592
Non-Argument Calendar
_____

D.C. Docket No. 1:18-cv-05243-WMR

WASEEM DAKER,

Plaintiff–Appellant,

versus

GOVERNOR OF GEORGIA,
GEORGIA SECRETARY OF STATE,
ATTORNEY GENERAL, STATE OF GEORGIA,
STATE OF GEORGIA,
SENTENCE REVIEW PANEL, et al.,

Defendants–Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(March 9, 2020)

Before WILLIAM PRYOR, JILL PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Waseem Daker appeals *pro se* the dismissal of his amended complaint in which he alleged that that he was entitled to review of his non-life sentences, *see* O.C.G.A. § 17-10-6 (2006), and that the retroactive repeal of section 17-10-6 violated his right to due process; and alleged that his inability to access a law library and to make photocopies violated his right to access the courts. Daker also contends that the district court abused its discretion in denying as moot his motions for discovery, a preliminary injunction for law library access, and certification of the question of the interpretation of section 17-10-6 to the Georgia Supreme Court. And Daker moves this Court for certification of two questions to the Georgia Supreme Court about the interpretation of section 17-10-6; leave to exceed the word limit for his motion to certify; and a preliminary injunction or temporary restraining order granting him access to a law library or, alternatively, remand to the district court for that relief. We affirm and deny Daker's motions as moot.

We review for an abuse of discretion the dismissal of a claim as frivolous, 28 U.S.C. § 1915A(b)(1). *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008). A claim is frivolous if it is without arguable merit either in law or fact. *Id.*

The district court did not abuse its discretion when it dismissed Daker's complaint for sentence review under section 17-10-6. Before its repeal in 2007,

2

except in cases in which the death penalty was imposed or cases involving a serious violent felony, defendants "[i]n any case" serving "a sentence of 12 or more years, or several consecutive sentences which total 12 or more years, [which was] fixed and imposed by a judge, without a jury," could petition the Georgia Sentence Review Panel. O.C.G.A. § 17-10-6(a) (2006). But sentence review was unavailable "in . . . cases in which a life sentence [was] imposed for murder." *Id.* § 17-10-6(f) (2006). Daker was sentenced to imprisonment for a term of life so he was ineligible for relief under the plain language of section 17-10-6 regardless of whether the Georgia Legislature violated the Constitution in repealing that statute.

Daker's argument that his non-life sentences for his other crimes were eligible for review by the state panel fails. The imposition of a life sentence in Daker's "case" made him ineligible for sentence review. The ordinary meaning of the legal term "case" is "[a] civil or criminal proceeding, action, suit, or controversy at law or in equity." *Case*, Black's Law Dictionary (11th ed. 2019). And, before its repeal, section 17-10-6(a) made clear that its use of the term "case" referred to actions in which any defendant received multiple sentences because review was available "[i]n any case" involving "several consecutive sentences which total 12 or more years."

The district court also did not abuse its discretion in dismissing Daker's complaint insofar as it alleged that he had been denied access to a law library or to

3

a photocopier. Daker failed to explain how those denials of access caused him any legal injury. *Wilson v. Blankenship*, 163 F.3d 1284, 1290 (11th Cir. 1998). Denying Daker access to a law library or a photocopier could not have prejudiced his complaint for sentence review because that complaint was frivolous. And because that complaint was frivolous, the district court did not abuse its discretion in denying as moot Daker's motions for discovery, a preliminary injunction, and certification. For the same reason, we too deny as moot Daker's motions for certification and for a preliminary injunction.

**AFFIRMED.**

4